IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT A. LINDER, III, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:25-cv-1884-K-BN |
| | § | |
| BANCFIRST, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Robert A. Linder, III, and Megean D. Linder, incorrectly identifying themselves as plaintiffs and proceeding *pro se*, removed to this federal court seven state court proceedings in Logan County, Oklahoma. *See* Dkt. No. 3. United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned entered findings of fact and conclusions of law recommending that the Court *sua sponte* remand the case under Section 1447(c) to the state court from which it was removed because the Court lacked subject matter jurisdiction at the time of removal (the "FCR"). *See* Dkt. No. 4.

The Linders filed objections. *See* Dkt. No. 5. But the Court accepted the FCR and remanded the action to the District Court for Logan County, Oklahoma. *See* Dkt. Nos. 8, 9.

The Linders have now filed a timely motion for reconsideration under Rule

59(e). *See* Dkt. No. 10. But, generally, a Section 1447(c) "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise…." 28 U.S.C. § 1447(d); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007) (where "District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)"). And the district court also lacks jurisdiction to reconsider such an order. *See New Orleans Public Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986).

One exception to this general prohibition is that an order remanding a case that was removed under 28 U.S.C. § 1443 is reviewable. *See* 28 U.S.C. § 1447(d). But Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Under these standards, the Linders fail to show a basis for this remedy. Controlling law has not changed since the Court entered judgment; they present no newly discovered evidence that could question the correctness of the judgment; nor do they adequately show that the Court need correct a manifest error of law or fact. As explained in the FCR, to remove under 28 U.S.C. § 1443, the Linders were required

to "show both that (1) the right allegedly denied [them] arises under a federal law providing for specific rights stated in terms of racial equality; and (2) [they are] denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). But they have not done so.

So the Court should deny the motion for reconsideration.

## Recommendation

The Court should deny the motion for reconsideration filed by Robert A. Linder, III, and Megean D. Linder [Dkt. No. 10].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 22, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE